1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY W. BROWN,

11          Plaintiff,                    No. CIV S-07-1769 FCD DAD P

12      vs.

13   CALIFORNIA DEPARTMENT OF
     CORRECTIONS, et al.,
14
            Defendants.                   ORDER
15
     _____/
16

17          Plaintiff, an inmate confined at the Santa Clara County Jail, filed a pro se civil

18   rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern

19   District of California.  On July 27, 2007, the Northern District transferred the case to this court

20   where venue was deemed to be proper.

21          On September 18, 2007, this court granted plaintiff's application to proceed in

22   forma pauperis but denied his request for leave to amend his complaint without prejudice

23   because his request was not accompanied by a proposed amended complaint.  On October 1,

24   2007, plaintiff filed a similar request for leave to amend his complaint together with a proposed

25   amended complaint.  Plaintiff also filed a motion for summary judgment based on his complaint

26   and exhibits.

1

1      The court is required to screen complaints brought by prisoners seeking relief

2 against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

3 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

4 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

5 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

6 U.S.C. § 1915A(b)(1) & (2).

7      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13 Cir. 1989); Franklin, 745 F.2d at 1227.

14      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

15 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

16 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

17 Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,

18 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a

19 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it

20 must contain factual allegations sufficient "to raise a right to relief above the speculative level."

21 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

22 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

23 Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the

24 plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421

25 (1969).

26 /////

2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In plaintiff's amended complaint, he identifies as defendants ADA Coordinator Lt. Dewhite, ADA Counselor Myers, Counselor R. Russell, Chief Deputy Warden S.R. Moore, and DOES 1-20.  He alleges in broad terms that on June 7, 2006, he was transferred to Deuel Vocational Institution because San Quentin was not capable of housing inmates with the disabilities from which he suffers.  Plaintiff alleges that, per the Armstrong Remedial Plan, disabled inmates who remain at reception centers for extended stays solely because of their disabilities must be granted privileges that are available at mainline institutions.  Plaintiff claims

1    generally that defendants denied him such privileges in violation of the Plan and concludes that

2    he is entitled to monetary damages.  However, plaintiff's brief and unilluminating amended

3    complaint contains no factual allegations regarding acts taken by the named defendants which he

4    claims resulted in a violation of his rights under the constitution or pursuant to federal law.  In

5    fact, the complaint fails to allege facts with respect to any particular incident or action involving

6    the named defendants.

7           The allegations in plaintiff's amended complaint are so vague and conclusory that

8    the court is unable to determine whether the current action is frivolous or fails to state a claim for

9    relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P.

10   8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

11   notice to the defendants and must allege facts that support the elements of the claim plainly and

12   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

13   must allege with at least some degree of particularity overt acts which defendants engaged in that

14   support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R.

15   Civ. P. 8(a)(2), his amended complaint must be dismissed.  The court will, however, grant leave

16   to file a second amended complaint.

17          If plaintiff elects to pursue this action by filing a second amended complaint, he is

18   advised that all defendants must be identified in the caption of his pleading and that all

19   defendants must be named, with position and place of employment, in the section of the form

20   designated for that purpose.  In his amended complaint, plaintiff has referred to DOES 1-20.  "As

21   a general rule, the use of 'John Doe' to identify a defendant is not favored."  Gillespie v.

22   Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  Plaintiff is advised that the court cannot order

23   service of a complaint on defendants not actually named in the second amended complaint.

24          In the section of the form complaint in which the plaintiff is required to set forth a

25   brief statement of the facts of the case, he must describe how each defendant has deprived him of

26   his constitutional rights.  Throughout plaintiff's amended complaint, he has failed to allege any

4

specific causal link between the named defendants and his legal claims.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In this regard, if he elects to proceed with this action plaintiff is advised that he must clarify in his second amended complaint what constitutional or statutory right he believes each defendant has violated.  Plaintiff alleges that defendants have violated the Armstrong Remedial Plan.  However, allegations that defendants violated the Plan do not give rise to a damages claim under 42 U.S.C. § 1983.  Plaintiff must allege facts sufficient to support a claim that defendants violated federal law in some way.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the previous complaints.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the previous pleadings no longer serves any function in the case.  Therefore, in his second amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

Finally, plaintiff's motion for summary judgment is both defective and premature.  First, plaintiff's motion fails to comply with Local Rule 56-260.  In his brief motion, plaintiff merely insists that he has shown by the evidence presented in his complaint that defendants were at fault and he is entitled to the requested relief.  However, under Local Rule 56-260, motions for summary judgment must at least be accompanied by a "Statement of Undisputed Facts," enumerating discretely each of the specific material facts relied upon in support of the motion.  Moreover, plaintiff's motion is premature.  As discussed above, plaintiff's amended complaint

will be dismissed with further leave to amend because his allegations do not give rise to a damages claim under 42 U.S.C. § 1983.  In addition, no defendants have been served or had an opportunity to respond to plaintiff's allegations.  Accordingly, plaintiff's motion for summary judgment will be denied as defective and premature.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's October 1, 2007 request for leave to amend his complaint is granted;

2.  Plaintiff's October 1, 2007 amended complaint is dismissed.

3.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; plaintiff's second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

4.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

5.  Plaintiff's October 1, 2007 motion for summary judgment is denied as defective and premature.

DATED: March 6, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brow1769.14amd