UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TIMOTHY W. BROWN,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, *et al.*,

    Defendants.

Case No. 2:07-cv-1769-LDG (PC)

**ORDER**

    The plaintiff is an inmate who was confined at the Santa Clara County Jail who filed a pro se civil rights action pursuant to 42 U.S.C. §1983. Previously, the Court dismissed the plaintiff's First Amended Complaint during the screening of the complaint. Subsequently, the plaintiff has filed two different Second Amended Complaints.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S.

362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

The Court previously dismissed plaintiff's First Amended Complaint because the allegations were so vague and conclusory that the Court was unable to determine whether the First Amended Complaint stated a non-frivolous claim against any named defendant. The Court noted that the First Amended Complaint lacked factual allegations regarding acts taken by the named defendants that resulted in a violation of plaintiff's rights under the constitution or pursuant to federal law.  Indeed, as the Court noted, the First Amended Complaint lacked any allegation of fact regarding any particular incident or action involving the named defendants.

In granting the plaintiff leave to file a Second Amended Complaint, the Court advised the plaintiff that he was required to identify all defendants in the caption of his pleading and that he must identify each named defendant, including position and place of employment, in the appropriate section of the Court's form for use by a prisoner filing a §1983 complaint.

1    Further, the Court advised the plaintiff that he must, in the appropriate section, set
2 forth a brief statement of the facts of the case, which brief statement needed to describe
3 how each defendant had deprived him of his constitutional rights.  The Court emphasized
4 that, in his First Amended Complaint, the plaintiff had failed to allege a specific causal link
5 between the named defendants and his legal claims.  The Court further advised the plaintiff
6 that he needed to clarify, in his Second Amended Complaint, what constitutional or
7 statutory right he believes in defendant has violated.  While the plaintiff had alleged that the
8 defendants violated the Armstrong Remedial Plan, the Court noted that such allegations
9 did not give rise to a claim for damages under 42 U.S.C. §1983.

10   The Court further notified the plaintiff that he could not refer to any prior pleading,
11 but that his Second Amended Complaint needed to be complete in itself.

12   As noted above, since the dismissal of the plaintiff's First Amended Complaint, he
13 has filed two different pleadings he has captioned as a Second Amended Complaint.
14 Neither of the Second Amended Complaints cure the deficiencies noted by the Court in
15 dismissing the First Amended Complaint.  The allegations of both Second Amended
16 Complaints are so vague and conclusory that the Court is, again, unable to determine
17 whether the plaintiff can state a non-frivolous claim against any named defendant.  Both
18 Second Amended Complaints lack factual allegations regarding acts taken by the named
19 defendants that resulted in a violation of plaintiff's rights under the constitution or pursuant
20 to federal law.  Neither Second Amended Complaint includes any allegation of fact
21 regarding any particular incident or action involving the named defendants.

22   The Court specifically notified the plaintiff that a failure to file a Second Amended
23 Complaint in compliance with the order dismissing the First Amended Complaint would
24 result in this action being dismissed without prejudice.  The plaintiff has filed two Second
25 Amended Complaints, neither of which complies with the Court's order, and neither of
26

1  which alleges facts attributable to any named defendant that resulted in a violation of the
2  plaintiff's rights.
3      Accordingly,
4      THE COURT **ORDERS** that this action is DISMISSED without prejudice.
5
6  DATED this ____28____ day of September, 2010.
7
8                                              _____
                                                Lloyd D. George
9                                               United States District Judge